**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **HIDAYAH NABUNYA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION** |
| | ) | **NO. 26-40174-MRG** |
| **USCIS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

**ORDER**
**July 16, 2026**

**GUZMAN, D.J.**

On July 9, 2026, Hidayah Nabunya, who is a United States citizen and proceeding *pro se*, filed a letter that the clerk entered on the docket as a complaint. ECF No. 1. The letter concerns the I-130 Petition the Nabunya filed on behalf of her husband Ismail Kalanzi and the corresponding I-485 Application for adjustment of status that Kalanzi filed. *Id.* The one-page pleading is only signed by Nabunya and is accompanied by copies of decisions by USCIS. *Id.*

Nabuya filed this action under her name but self-refers to the "petitioner" as "Hidayah Nabunyah and family" and uses the plural "we" to refer to actions she and her husband have taken. ECF No. 1. Because Nabunya is not alleged to be an attorney, she cannot represent her husband in this action. An individual may appear in federal court, either "pro se or through legal counsel." *Herrera-Venegas v. Sanchez-Rivera*, 681 F.2d 41, 42 (1st Cir. 1982); *see also Hootstein v. Amherst-Pelham Reg'l Sch. Comm.*, 361 F. Supp. 3d 94, 101 (D. Mass. 2019); 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such court, respectively, are permitted to manage and conduct causes therein."); Local Rule 83.5.5(b) of the Local Rules of the U.S. Dist. Ct. for the Dist. of

Mass. ("An individual appearing pro se may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf.").

To the extent Kalani wishes to be a party to this action to adjudicate the denial of his I-485, he must sign the pleading. Rule 11 of the Federal Rules of Civil Procedure clearly provides "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a); *see also* District of Massachusetts Local Rule 5.1 (a)(1) ("The provisions of Fed. R. Civ. P. 10 and 11 concerning the form and signing of pleadings, motions, and other papers shall be applicable to all papers filed in any proceeding in this court."); District of Massachusetts Local Rule 83.5.5 (d) ("A pro se party is required to comply with these local rules.").

There is a $405 fee consisting of the $350.00 filing fee and the $55.00 administrative fee, *see* 28 U.S.C. § 1914(a) ($350.00 filing fee for all non-habeas civil actions). Plaintiffs may either pay one $405 filing fee for a case or each party may file a motion for leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). For plaintiffs seeking to proceed *in forma pauperis*, each plaintiff must submit an affidavit that includes a statement of all plaintiff's assets. *See* 28 U.S.C. § 1915(a)(1).

The Court expresses no view on the merits of the complaint, however, in order to proceed, Nabunya either must pay the $405.00 filing fee or file a motion for leave to proceed *in forma pauperis*.

If Kalanzi wishes to proceed as a plaintiff to this action, he must sign a copy of the complaint and file a motion for leave to proceed *in forma pauperis*. The clerk will be directed to send to Kalanzi a copy of the complaint, which he can sign and return to the Court if he wishes to be a party to this action.

Failure of Nabunya to comply with this directive within 21 days of the date of this Order may result in the dismissal of this action.

**So Ordered.**

 /s/ Margaret R. Guzman
Margaret R. Guzman
United States District

Dated: July 16, 2026